UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. HOWARD,

     Plaintiff,

v.

SEIFERT J., JASON SINGLETON,
CANTON POLICE DEPARTMENT,
BURRESS J., ALTHEIM, JOHN DOES,
CITY OF CANTON, HOME DEPOT,
and CHARLES SCHULZ,

     Defendants.

Case No.  4:23-cv-12549
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S "MOTION FOR SUMMARY JUDGMENT OF HOME DEPOT" (ECF No. 22)[1]

### I.     Introduction

    This is a civil rights case.  Plaintiff Gary M. Howard (Howard), proceeding *pro se*, filed a complaint naming Seifert J., Jason Singleton, Canton Police Department, Burress J., Altheim, John Does 1-2, City of Canton, Home Depot, and Charles Schulz as defendants.  He asserts claims for false arrest, abuse of process, false imprisonment, violation of due process, arbitrary detention, and malicious

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

arrest, all stemming from his arrest by defendant police officers in the parking lot of a Home Depot that Howard had just left.  (ECF No. 1).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 7).

Before the Court is Howard's filing titled, "Motion for Summary Judgment of Home Depot."  (ECF No. 22).  Although titled as a motion for summary judgment, the undersigned RECOMMENDS that it be construed as a motion for default judgment and so construed, RECOMMENDS that the motion be DENIED.

## II.    Background

Howard filed the complaint on October 10, 2023.  (ECF No. 1).  He was later granted *in forma pauperis* status, and the United States Marshal Service (USMS) was directed to serve defendants with documents provided to them by Howard.  (ECF Nos. 5, 6).  A couple of weeks later, summons for all named defendants except Charles Schulz[2] were issued.  (ECF No. 9).  On October 31, 2023, the USMS acknowledged receipt of the service documents.  (ECF No. 11).  To date, Canton Police Officers Seifert J., Jason Singleton, Burress J., and Altheim, as well as the Canton Police Department and the City of Canton have appeared through counsel, (ECF Nos. 19, 20), and answered the complaint, (ECF

---

[2] A summons for Charles Schulz was issued on November 3, 2023, (ECF No. 12), and the USMS mailed service documents to him on November 29, 2023, (ECF No. 16).

No. 21).

On November 16, 2023, a certificate of service was filed as executed as to Home Depot on November 3, 2023, with an answer due November 27, 2023. (ECF No. 14).  The green card indicates the service packet was mailed to the Home Depot address in Canton, Michigan that Howard provided, and signed by an unidentified person on November 3, 2022.  (*Id.*).  The green card also indicates that the service packet was mailed via certified mail with signature required/restricted delivery.  (*Id.*).

On December 6, 2023, Howard filed the instant motion.  (ECF No. 22).  The undersigned recommends that the motion be construed as a motion for default judgment inasmuch as Howard says that "summary judgment" should be granted against Home Depot because it "has failed to respond to the complaint" within the 21 days required "after receiving the summons and complaint."  (ECF No. 22, PageID.111).  So construed, it is further recommended that the motion be denied.

### III.    Discussion

#### A.    Default

Under Rule 55 of the Federal Rules of Civil Procedure, a two-step procedure is required to obtain a default judgment.  First, under subsection (a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

3

must enter the party's default."  Once this step has been fulfilled, then a plaintiff may proceed to request entry of a default judgment under subsection (b) of Rule 55.  Entry of default judgment is not appropriate against: (1) minors or incompetent persons who are not represented; (2) some members of the armed services; or (3) officers or agencies of the United States.  *Dalmayer v. Michigan*, No. 08-12784, 2009 WL 1378322, at *1 (E.D. Mich. May 14, 2009) (citing Fed. R. Civ. P. 55(d)).

Howard's request for entry of default judgment is improper because he did not first obtain a Clerk's entry of default, as required by Rule 55(a).  "An entry of default and a default judgment are distinct concepts which must be treated separately."  *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (internal quotation marks and citation omitted).  In *Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004), the court explained:

> The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another.  Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.

*See also Ramada Franchise Sys., Inc. v. Baroda Enters.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("Entry of a default . . . is a prerequisite to entry of a default judgment under Rule 55(b)." (internal quotation marks and internal citation omitted)).

4

Thus, a default judgment cannot be entered against Home Depot because Howard has not first sought and obtained a Clerk's entry of default against Home Depot. Further, as explained below, it does not appear that Howard has shown that proper service was made on Home Depot.

B.   Service

"Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, 229 F.3d 1153, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. 2000) (citing 10 A. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (explaining that "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant[,]" and "in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication." (internal quotation marks and citations omitted)); *Etherly v. Rehabitat Sys. of Mich.*, No. 13-11360, 2013 WL 3946079, at *4 (E.D. Mich. 2013) ("[I]f service of process was not proper, the court must set aside an entry of default." (internal quotation marks and citation omitted)). A named defendant "becomes a party officially, and is required to take action in that capacity, only upon [proper] service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."

5

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also Thomas v. Wayne Cnty. Cmty. College Dist.*, No. 19-13499, 2020 WL 5878215, at *1 (E.D. Mich. Oct. 2. 2020).

Further, "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014) (quoting *King v. Taylor*, 694 F.3d at 655). Where the Court lacks personal jurisdiction over the defendant, the Court cannot take action, including the entry of default against the defendant. *See, e.g.*, *Thomas*, *supra* at *2 (finding, where service was improper, that the court lacked authority to enter a Clerk's entry of default and granting the defendant's motion to set aside).

Home Depot is a corporation. Proper service of process on a corporation is accomplished under Federal Rule of Civil Procedure 4(h), which provides that a corporation must be served:

(1) in a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

Rule 4(h)(1)(A) also allows for service of a private corporation "pursuant to

6

the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction in the state." The relevant Michigan Court Rule, M.C.R. 2.105(D), which concerns service on corporations, provides:

> Service of process on a domestic or foreign corporation may be made by
>
>> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>>
>> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>>
>> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>>
>> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if
>>
>>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>>>
>>> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>>
>>> (c) the corporation's term of existence has expired.

M.C.R. 2.105(D).

Here, the green card was signed by an unknown individual, and there is no

evidence that the unknown individual who signed the green card was an officer or

registered agent for Home Depot.  Moreover, service was done by certified mail.  It

is well-established that certified mail is not a proper way to serve a corporation in

Michigan.  *See Nieves v. Kiekert AG,* No. 20-11467, 2020 WL 6335993, at *3

(E.D. Mich. Oct. 29, 2020); *Etherly*, 2013 WL 3946079, at *2 ("[S]ervice of

process by certified mail is not proper service on a Michigan corporation.");

*Harper v. ACS-Inc*., No. 10-12112, 2010 WL 4366501, at *4 (E.D. Mich. Oct. 28,

2010) ("[C]ourts in the Eastern District of Michigan consistently have held that

proper service in Michigan does not include service by mail."); *Walker v. Brooke*

*Corp*., No. 08-14574, 2009 WL 1689653, at *2 (E.D. Mich. June 17, 2009)

("Cases in this district that have addressed the issue have held that the Michigan

rules do not authorize service by registered mail on corporations.").

Additionally, even though the USMS was directed to serve defendants, that

does not alleviate Howard's obligation regarding proper service.  By effectuating

service, the USMS relieves a plaintiff of the burden to serve process.  *See Byrd v.*

*Stone*, 94 F.3d 217, 219-20 (6th Cir. 1996).  But even with this assistance, the

plaintiff still bears the burden of exercising reasonable diligence in perfecting

service of process.  *Id.* at 219.  To do so, a plaintiff must provide the court with all

documentation needed and with the necessary instructions to allow the USMS to

effect service. *See O'Neil v. Lake Cnty. Jail*, No. 1:23-CV-00660, 2023 WL 8108075, at *2 (N.D. Ohio Nov. 21, 2023). Indeed, "the Court can only direct service for a pro se Plaintiff, *not* guarantee service." *Goodman v. Schubring*, No. 4:20-CV-13368, 2022 WL 1138029, at *1 (E.D. Mich. Apr. 18, 2022) (emphasis in original).

As explained above, it does not appear that service on Home Depot was proper. At the very least, the record does not contain valid proof of service. There can be no default judgment entered without proper proof of service.

## IV.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Howard's motion for "Summary Judgment of Home Depot," (ECF No. 22), be construed as a motion for default judgment and be DENIED.

Dated: January 5, 2024                    s/Kimberly G. Altman
Detroit, Michigan                         KIMBERLY G. ALTMAN
                                          United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 5, 2024.

s/Carolyn M. Ciesla

10

CAROLYN M. CIESLA
Case Manager