UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. HOWARD,

    Plaintiff,

v.

J. SEIFERT, JASON SINGLETON,
CANTON POLICE
DEPARTMENT, J. BURRESS,
ALTHEIM, CITY OF CANTON,
CHARLES SCHULZ, HOME
DEPOT, and JOHN DOES,

    Defendants.
_____/

Case No. 4:23-cv-12549
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

## ORDER STRIKING PLAINTIFF'S MOTIONS FOR DISCOVERY
### (ECF Nos. 32, 33)

I.     Introduction

This is a civil § 1983 case. Plaintiff Gary M. Howard (Howard), proceeding *pro se* and *in forma pauperis*, filed a complaint against the defendants listed in the case caption claiming that they violated his due process rights and asserting several claims under state tort law. (ECF No. 1). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 7).

On January 10, 2024, the Court entered a scheduling order requiring discovery to be completed by May 10, 2024. (ECF No. 27). On April 2, 2024,

1

Howard filed two motions for discovery. (ECF Nos. 32, 33). In the first motion, Howard requests "officers/defendants bodycam" and "dashcam" on the date of the incident, defendants' "psychological report," and "police defendants disciplinary or misconduct records." (ECF No. 32, PageID.199-200). He also requests answers to three included interrogatories. (*Id.*). In the second motion, he requests documents and interrogatory answers from Home Depot. (ECF No. 33).

For the reasons that follow, the Court will STRIKE Howard's motions because Howard did not comply with the discovery rules before filing the motions.

## II. Legal Standard

The scope of discovery permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The scope, however, may be "limited by court order," *id.*, meaning it is within the sound discretion of the Court. *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("Further, a court has broad discretion over discovery matters . . . and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an

2

abuse of discretion.") (internal citation omitted). Moreover, discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1). If a party believes that another party is not complying with discovery requests, then it may file a motion to compel. Motions to compel are governed by Federal Rule of Civil Procedure 37(a)(3)(B), which states, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

### III. Discussion

Howard's motions are not proper because there is no indication that he has previously requested the information and documents from defendants and been denied.

Under the Federal Rules, a party must send discovery requests to the party in possession of the relevant information or documents. It is improper for a party to file a discovery request with the Court. *See Townsend v. Rhodes*, No. 4:14–CV–10411, 2015 WL 1781230, at *2, n.2 (E.D. Mich. Apr. 20, 2015) ("[T]here are rules which govern the exchange of information *between parties* by way of interrogatories (Fed. R. Civ. P. 33), requests for the production of documents (Fed. R. Civ. P. 34) or requests for admission (Fed. R. Civ. P. 36)." (emphasis in original)); *Cook v. Sicilian*, No. 2:20-cv-781, 2020 WL 9159969, at *1 (S.D. Ohio Apr. 14, 2020) ("Plaintiff is again ORDERED to send discovery requests directly

3

to the [d]efendants and not file them with the Court until or unless they are used in a proceeding or the Court orders filing." (emphasis omitted)).

Further, if the Court were to construe Howard's motions as motions to compel, they would be denied. "A party cannot successfully move for an order compelling the production of documents when that party did not first seek this information in accordance with Rule 34." *Durham v. Mohr*, No. 2:14-cv-581, 2015 WL 9312105, at *3 (S.D. Ohio Dec. 23, 2015); *see* Fed. R. Civ. P. 37(a)(3)(B)(iv) (permitting a party to move for an order compelling production when a party fails to respond to a request pursuant to Rule 34). Howard has not provided the Court with any discovery requests actually sent to defendants to which they have failed to properly respond. *See* E.D. Mich. LR 37.2 (requiring "a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion" or "a copy of the actual discovery document which is the subject of the motion."). Thus, ordering defendants to compel with Howard's discovery requests would be improper at this time.

### IV.     Conclusion

For the reasons above, the Court STRIKES Howard's motions for discovery, (ECF Nos. 32, 33). As explained above, Howard must first make his discovery requests to the parties and only involve the Court if he believes they were wrongfully denied after the appropriate amount of time has passed.

4

SO ORDERED.

Dated: April 9, 2024　　　　　　　　　　s/Kimberly G. Altman  
Detroit, Michigan　　　　　　　　　　　KIMBERLY G. ALTMAN  
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 9, 2024.

　　　　　　　　　　　　　　　　　　　s/Carolyn Ciesla  
　　　　　　　　　　　　　　　　　　　CAROLYN CIESLA  
　　　　　　　　　　　　　　　　　　　Case Manager