UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. HOWARD,                                  Case No. 23-12549

      Plaintiff,                              F. Kay Behm
v.                                               United States District Judge

Seifert, J., *et al.*,                           Kimberly G. Altman
                                                 United States Magistrate Judge

      Defendants.

_____ /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S JANUARY 5, 2024
<u>REPORT AND RECOMMENDATION (ECF No. 25)</u>**

**I.       PROCEDURAL HISTORY AND REPORT AND RECOMMENDATION**

Currently before the Court is Magistrate Judge Kimberly G. Altman's

January 5, 2024 Report and Recommendation.  (ECF No. 25).  Magistrate Judge

Altman construed Plaintiff's motion for summary judgment as a motion for

default judgment against Defendant Home Depot and recommends that it be

denied.  *Id*.  Plaintiff filed objections to the report and recommendation, albeit

untimely.  (ECF No. 30).  Home Depot filed a response to Plaintiff's objections.

(ECF No. 31).

On November 16, 2023, a certificate of service was filed as executed as to

Home Depot on November 3, 2023, with an answer due November 27, 2023.

1

(ECF No. 14).  The green card indicates the service packet was mailed to the Home

Depot address in Canton, Michigan that Howard provided, and signed by an

unidentified person on November 3, 2022.  *Id*.  The green card also indicates that

the service packet was mailed via certified mail with signature required/restricted

delivery.  *Id*.

Judge Altman first concluded that Plaintiff's request for a default judgment

was improper because no default had yet entered against Home Depot, as

required by Federal Rule of Civil Procedure 55(a).  (ECF No. 25, PageID.128-29).

Secondly, Judge Altman concluded that the court was without jurisdiction to issue

a default judgment against Home Depot because proper service of process had

not been effectuated.  *Id*. at PageID.129-133.  She explained that Plaintiff did not

serve Home Depot in accordance with Federal Rule of Civil Procedure 4(h) and

Michigan Court Rule 2.105(D), and thus no default judgment could issue.  *Id*.

For the reasons set forth below, Plaintiff's objections (ECF No. 30) are

**OVERRULED**, the Magistrate Judge's January 5, 2024 Report and

Recommendation (ECF No. 25) is **ACCEPTED** and **ADOPTED**, and Plaintiff's motion

for default judgment (ECF No. 22) is **DENIED**.

II.     **STANDARD OF REVIEW**

A party may object to a magistrate judge's report and recommendation on

dispositive motions, and a district judge must resolve proper objections under a

de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-

(3).  This court "may accept, reject or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  *Id*.  "For an objection to be

proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to

'specify the part of the order, proposed findings, recommendations, or report to

which [the party] objects' and to 'state the basis for the objection.'"  *Pearce v.*

*Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that

dispute the general correctness of the report and recommendation are

improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern

those issues that are dispositive and contentious."  *Id*. (citing *Howard v. Sec'y of*

*Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v.*

*Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and

legal" issues "at the heart of the parties' dispute").  In sum, the objections must

be clear and specific enough that the court can squarely address them on the

merits.  *See Pearce*, 893 F.3d at 346.  And, when objections are "merely

perfunctory responses . . . rehashing . . . the same arguments set forth in the

original petition, reviewing courts should review [a Report and Recommendation]

for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012);

*see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at

*1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections

merely restated his summary judgment arguments, "an approach that is not

appropriate or sufficient").

### III.     PLAINTIFF'S OBJECTIONS

#### A.     Failure to Obtain Entry of Default

Plaintiff does not specifically object to the Magistrate Judge's analysis

regarding the failure to obtain a default but attaches to his objections a request

for Clerk's Entry of Default dated January 22, 2024.  (ECF No. 30, PageID.157).

However, Plaintiff cannot now seek entry of default because Home Depot has

filed an answer to the complaint.  (ECF No. 26).  *See Taylor v. Countrywide Home

Loans*, 2008 WL 5273898, at *2 n.3 (E.D. Mich. Dec. 18, 2008) ("Even if the answer

were not timely filed, if a defendant answers or otherwise defends *before* the

clerk of the court actually enters a default, no default may enter.") (citing *Horacek

v. Wilson*, 2008 WL 4093721, at *1 n. 1 (E.D. Mich. Aug. 28, 2008)).  Accordingly,

to the extent Plaintiff objects to the Magistrate Judge's recommendation based

on a belated attempt to obtain a Clerk's Entry of Default, that objection is

**OVERRULED**.

      B.      <u>Service of Process</u>

Plaintiff does not dispute the correctness of the Magistrate Judge's analysis

and conclusion that service of process on Home Depot was improper under

applicable law.  Instead, Plaintiff argues that Home Depot had actual notice of the

lawsuit.  He points out that after the summons and complaint were returned

executed, Janal Young, Home Depot's claims examiner, reached out to Plaintiff.

(ECF No. 30, PageID.158).  According to Plaintiff, this clearly shows that Home

Depot was aware of his lawsuit on November 20, 2023 and thus, had been served.

However, as Home Depot points out, even if it had been aware of the suit,

the Sixth Circuit holds that "actual knowledge of the lawsuit does not substitute

for proper service of process[.]" *Friedman v. Estate of Presser*, 929 F.2d 1151,

1155 (6th Cir. 1991) (collecting cases).  Indeed, the Sixth Circuit concluded that

"[d]ue to the integral relationship between service of process and due process

requirements, we find that the district court erred in its determination that actual

knowledge of the action cured a technically defective service of process." *Id*. at

1156.  The Magistrate Judge correctly found that service on Home Depot did not

comply with applicable law and Plaintiff has offered no evidence or authority

showing that service was proper.  Accordingly, this objection is **OVERRULED**.

**IV.     CONCLUSION**

For the reasons set forth above, Plaintiff's objections (ECF No. 30) are

**OVERRULED**, the Magistrate Judge's January 5, 2024 Report and

Recommendation (ECF No. 25) is **ACCEPTED** and **ADOPTED**, and Plaintiff's motion

for default judgment (ECF No. 22) is **DENIED**.

**SO ORDERED**.

Date: April 19, 2024                              s/F. Kay Behm
                                                 F. Kay Behm
                                                 United States District Judge

6