UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. HOWARD,

      Plaintiff,                    Case No.  4:23-cv-12549
                                           District Judge F. Kay Behm
v.                                    Magistrate Judge Kimberly G. Altman

SEIFERT J., JASON SINGLETON,
CANTON POLICE DEPARTMENT,
BURRESS J., ALTHEIM, JOHN DOES,
CITY OF CANTON, HOME DEPOT,
and CHARLES SCHULZ,

      Defendants.

_____/

## REPORT AND RECOMMENDATION ON CROSS MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 36, 38, 39)[1]

I.      Introduction

      This is a civil rights case.  Plaintiff Gary M. Howard (Howard), proceeding *pro se*, filed a complaint naming Seifert J., Jason Singleton, Canton Police Department, Burress J., Altheim, John Does 1-2, City of Canton, Home Depot, and Charles Schulz as defendants.  He asserts claims for false arrest, abuse of process, false imprisonment, and violation of due process, all stemming from his arrest by

_____

[1] Upon review of the motions, the undersigned deems the matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

defendant police officers just outside of the parking lot of a Home Depot.  (ECF No. 18, Amended Complaint).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 7).

Before the Court are motions for summary judgment from all parties.  On June 3, 2024, defendants Seifert, Singleton, Altheim, Burress, and the "City of Canton" (the Canton Defendants) filed a motion for summary judgment.[2] [3]  (ECF No. 36).  This motion has been fully briefed.  (ECF Nos. 41, 43, 45, 49).  Howard also filed a motion for judgment on that date, (ECF No. 38), to which no defendant has responded within the time allotted.  On June 10, 2024, defendants Home Depot and Schulz filed a motion for summary judgment, (ECF No. 39), which has also been fully briefed, (ECF Nos. 42, 44, 46).  The motions are now ready for consideration.

For the reasons that follow, the undersigned RECOMMENDS that defendants' motions be GRANTED and that Howard's motion be DENIED.  *Sua sponte* summary judgment in favor of the John Doe defendants is also

---

[2] Canton Defendants note that Canton is officially designated as a Township, not a City.  (ECF No. 36, PageID.222).

[3] The Canton Defendants do not include the Canton Police Department in their motion; however, "a suit against a municipal police department is a suit against the municipality itself."  *Schlussel v. City of Dearborn Heights*, No. 17-CV-11546, 2017 WL 4535811, at *2 (E.D. Mich. Oct. 11, 2017), *aff'd,* 753 F. App'x 359 (6th Cir. 2018).  Canton Township is already a party to this suit and has moved for summary judgment.  Howard's claims against the Canton Police Department will be considered claims against Canton Township.

recommended.  If this recommendation is adopted, the case will be closed.

## II.    Factual Background

The following facts are gleaned from the parties' papers and exhibits.

On the morning of August 8, 2023, Howard went to a Home Depot store in Canton, Michigan.  (ECF No. 36-2, PageID.257, Howard's Deposition Testimony).  As a favor to a friend, Howard picked up an individual who identified himself as "Steve" but was actually named Dillon McMullen.  (*Id.*, PageID.257, 340).  The purpose of the trip to Home Depot was so McMullen could pick some things up for Howard's friend.  (*Id.*, PageID.258).  When they arrived, McMullen entered the Home Depot while Howard waited in his truck.  (*Id.*, PageID.262).  Later, Howard went into the Home Depot to use the restroom, saw McMullen, and asked McMullen to hurry so that Howard would not be late to work.  (*Id.*, PageID.263).  Howard returned to his truck, and shortly thereafter he noticed that McMullen was coming to the truck with "a flatbed full of stuff" including a toilet, sinks, an air compressor, and other items.  (*Id.*).

Howard started his truck and pulled out of the Home Depot parking lot, at which point a police car pulled in front of his truck and cut him off.  (*Id.*, PageID.264-266).  A police officer advised Howard to turn off his truck.  (*Id.*).  Howard said to McMullen "[p]lease tell me you did not steal this stuff[,]" at which point McMullen exited the truck and began to flee on foot.  (*Id.*).  Two officers,

3

Burress and Seifert, began to chase McMullen, leaving Howard to wait in his truck for fifteen to twenty minutes.  (*Id.*, PageID.268-269).  The officers returned and Howard told them that the items in his truck from Home Depot were not his, but the officers "took [Howard] out of the car [and] put [him] in handcuffs."  (*Id.*).  By that point, there were three police cars on the scene, with four or five officers and a K9 unit present.  (*Id.*).  Burress placed handcuffs on Howard and put Howard into the back of a police car.  (*Id.*, PageID.270).  Howard was detained for theft, brought to the police station, fingerprinted, and booked.  (*Id.*).

According to the Canton Police Report, Howard was detained on the charge of retail fraud theft in the first degree.  (ECF No. 36-3, PageID.373).  The report verifies that Howard was detained for the crime, but that the photograph of McMullen provided by a Home Depot Asset Protection officer named "Wegman" (John Doe 1) matched the description of the individual who fled by foot.  (*Id.*, PageID.377).  Howard was interviewed by a Canton Police Department detective, and his story was substantially the same as that provided at his deposition.  (*Id.*, PageID.381-382).  The detective spoke to a prosecutor, who declined to issue an arrest warrant for Howard but approved one for McMullen.  (*Id.*, PageID.382). McMullen was arrested on August 10, 2023.  (*Id.*).

According to Howard's deposition testimony, he was processed and assigned a cell where he would spend the night and he did not share a cell with

other detainees.  (ECF No. 36-2, PageID.273, 277).  There, he was interviewed by detectives Altheim and Altheim's partner (John Doe 2).  (*Id.*, PageID.273).  They pressed Howard about the name of the individual that was in his truck with him and became frustrated that he could only identify the man as "Steve."  (*Id.*).  Out of anger, Altheim cut the drawstring to Howard's shorts and took one of Howard's two shirts away to place in property.  (*Id.*, PageID.274-275).  The detectives left and another detective came to Howard and asked for his consent to go through his phone.  (*Id.*, PageID.275-276).  Howard gave consent, told his story to this detective, and later that day was released from detention by that detective.  (*Id.*).  Howard spent one night detained in his jail cell and was released on August 9, 2023.  (*Id.*).  No charges were ever filed against him.

## III.    Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Howard is *pro se* does not reduce his obligations under Rule 56.  Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

## IV.    Discussion

All parties argue that the record contains no genuine issue of material fact that would require a trial, i.e., defendants say that Howard cannot prevail as a

matter of law on any of his claims and Howard argues he is entitled to a judgment in his favor.  Each of Howard's claims are considered in turn below.

A.      False Arrest and False Imprisonment Claims

1.      The Canton Defendants

"A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff."  *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005).  The elements of a § 1983 claim for false arrest and for false imprisonment are substantially the same because "the central issue is whether the arresting officer was justified in ordering the arrest[.]"  *Cutchin v. District of Columbia*, 369 F.Supp.3d 108 (2019).

"For probable cause to exist for an arrest, the facts and circumstances within the officer's knowledge must be sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense."  *Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020) (cleaned up).  A showing of "probable cause provides a complete defense to a claim of false arrest."  *Halasah v. City of Kirtland*, 574 F. App'x 624, 629 (6th Cir. 2014).  "Whether an officer is authorized to make an arrest ordinarily depends, in the first instance, on state law."  *Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007).  Michigan law provides that "[a] peace officer, without a warrant, may arrest a person" when "[a] felony, misdemeanor, or

ordinance violation is committed in the peace officer's presence."  MCL

764.15(l)(a).

Here, based on a review of the record, it appears that although Seifert and

Burress were the officers who initially pulled Howard's truck over, Singleton

arrested Howard while Seifert and Burress were chasing McMullen on foot.  *See*

ECF No. 36-3 (Canton Police Report).  When Singleton arrived at the scene where

Howard's truck was blocked, he had been advised that Howard's vehicle matched

the description of the suspect's vehicle containing the stolen goods.  *Id.*  Singleton

observed Howard sitting in the driver seat and multiple items in the back seat and

trunk.  *Id.*  An employee of Home Depot came to the scene and confirmed that the

items in the vehicle were indeed stolen.  *Id.*  Under these circumstances, the

officers had justifiable reason, i.e. probable cause, to believe that Howard had

committed an offense.  Their probable cause determination cannot reasonably be

questioned based on the facts presented.  As such, Howard cannot make out a

claim for false arrest or false imprisonment.

Howard, however, argues that while the officers believed there to be

probable cause, the prosecutor found no probable cause for the arrest, which he

says shows that he is entitled to judgment in his favor on these claims.  (ECF No.

45, PageID.478).

The problem for Howard is that under this theory, any arrest that is not

8

followed up with one or more criminal charges is a false arrest or false imprisonment.  This is not what the law provides. Rather, the law says that "[p]robable cause determinations involve an examination of all facts and circumstances within an officer's knowledge *at the time of an arrest*." *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir. 2000) (emphasis added).  Here, upon investigating the crime and examining Howard's phone, a prosecutor later found that there was "no evidence to dispute [Howard's] account of no knowledge of theft occurrence."  The prosecutor's later determination not to file charges against Howard has no bearing on whether officers had probable cause to arrest Howard at the scene of the crime, which, as explained above, they did.

Howard's additional argument that the Canton Defendants had the responsibility of investigating the alleged crime *before* arresting him to ensure they had the correct person is not supported by the law.  To the contrary, "[o]nce probable cause is established, an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused." *Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999).  "[L]aw enforcement is under no obligation to give any credence to a suspect's story or alibi nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause." *Ahlers*, 188 F.3d at 371 (cleaned up).  "A valid arrest based upon then-existing probable cause is not

9

vitiated if the suspect is later found innocent." *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988). In short, the Canton police officers did not have to do any further investigation at the time of Howard's arrest because the known facts at that time established probable cause to arrest him.

Overall, Howard cannot maintain a claim for false arrest or false imprisonment against the individual Canton Defendants, and they are entitled to summary judgment.

### 2.    Home Depot and Schulz

A plaintiff alleging false imprisonment against a private actor must prove "(1) an act committed with the intention of confining another, [and that] (2) the act directly or indirectly results in such confinement." *Carter v. Shearer*, 596 F. Supp. 3d 934, 952 (E.D. Mich. 2022) (quoting *Bletz v. Gribble*, 641 F.3d 743, 758 (6th Cir. 2011)). "The confinement, however, must be false, i.e., without right or authority to do so." *Id.* (internal quotation marks and citations omitted).

A private actor can be liable for false imprisonment or false arrest only if the actor "instigate[d] or participate[d] in an unlawful arrest or imprisonment." *Carter*, 596 F. Supp. 3d at 954. A plaintiff cannot prevail by merely proving that the defendant reported suspected criminal activity to the police; "if the authorities instituting the arrest acted on their own judgment and discretion," the defendant cannot be liable for false arrest or imprisonment." *Id.*

Private actors reporting merely "facts and circumstances" to police officers are not liable for false arrest or imprisonment. *Handlon v. Rite Aid Servs., LLC*, 513 F. App'x 523, 530 (6th Cir. 2013). In *Handlon*, the defendants observed the plaintiff, a Rite Aid employee, appearing to steal a bottle of hydrocodone. *Id.* at 525-6. The evidence continued to build against the plaintiff, and eventually a defendant called the police. *Id.* The plaintiff was arrested and later sued the defendants for, among other claims, false arrest and false imprisonment. *Id.* at 530. The district court granted summary judgment to the defendants, and the Sixth Circuit affirmed. *Id.*

The Sixth Circuit reasoned that summary judgment was proper because "[the defendant] can only be held liable for [the plaintiff's] arrest if [the officer] acted at [the defendant's] discretion and not through an exercise of [the officer's] own judgment." *Id.* The plaintiff "point[ed] to no evidence in the record that [the defendant] commanded the officer to arrest [the plaintiff], or that she was arrested simply at [the defendant's] request, rather than upon a weighing of his statements." *Id.* at 530-1. This conclusion was supported by *Lewis v. Farmer Jack Div., Inc.*, 415 Mich. 212 (1982), in which the Michigan Supreme Court stated:

> "It is not enough for instigation that the actor has given information to the police about the commission of a crime, or has accused the other of committing it, so long as he leaves to the police the decision as to what shall be done about any arrest, without persuading or influencing them."

*Lewis*, 415 Mich. at 219 n.3 (quoting 1 Restatement of Torts, 2d, § 45A, Comment c, p. 70).

In his surreply, Howard argues that Home Depot is liable based on the actions of Wegman, who conducted floor surveillance, observed McMullen, and provided a photograph of McMullen to the police.  Howard argues that Wegman and Schulz should have told the police that Howard did not steal any of the items.  However, Howard cannot point to any false information provided to the police by any Home Depot employee, including Schulz or Wegman, (ECF No. 39-2, PageID.447), nor has he put forth any evidence to suggest that anyone provided more than "facts and circumstances" to the police prior to his arrest.  *See Handlon*, 513 F. App'x 523.  As such, Home Depot and Schulz are entitled to summary judgment on Howard's false arrest and false imprisonment claims.

Furthermore, John Doe 1, identified in the amended complaint as the other asset protection employee (and in Howard's later filings as Wegman) should be granted summary judgment *sua sponte*, for the same reasons as Home Depot and Schultz.  *See QSI Holdings, Inc. v. Alford*, 382 B.R. 731, 736 (W.D. Mich. 2007), *aff'd sub nom. In re QSI Holdings, Inc.*, 571 F.3d 545 (6th Cir. 2009) ("A court may enter summary judgment sua sponte in favor of a nonmoving party so long as the losing party was on notice to present all desired evidence on the matter at issue.").

12

B.    Violation of Due Process and Abuse of Process

Howard claims that he suffered a violation of his due process rights, as well as an abuse of process, when he was arrested at approximately noon on August 8, 2023, and not released until the next day at around 5:00 p.m.[4]

"Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992).  Relatedly, the "gravamen" of an abuse of process action is "some extortionate perversion of lawfully initiated process to illegitimate ends." *Heck v. Humphrey*, 512 U.S. 477, 486 n.5 (1994).

The Supreme Court has provided that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement" of the Constitution.  *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991).  That said, "a probable cause hearing held within 48 hours may still be constitutionally deficient if unreasonably delayed[,]" *Benson v. Kubrak*, No. 23-10284, 2024 WL 4354849, at *3 (E.D. Mich. Sept. 30,

---

[4] Home Depot and Schulz argue that to the extent Howard attempts to bring due process claims against them, such claims fail as a matter of law. (ECF No. 39, PageID.414).  This is correct.  A due process claim against Home Depot and Schulz necessarily fails because it is clear that they are private actors to which the due process clause does not apply.  *See, e.g.*, *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) ("The liberty protected by the Due Process Cause affords protection against unwarranted *government* interference") (emphasis added).

13

2024) (citing *Riverside*, 500 U.S. at 56), and "[i]f an arrestee must wait longer than 48 hours, the government has the burden of justifying the delay by showing 'the existence of a bona fide emergency or other extraordinary circumstance.' " *Id.* (quoting *Riverside*, 500 U.S. at 57). Essentially, someone detained for less than 48 hours must show a "delay[] for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake[,]" whereas if someone is detained longer than 48 hours, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Riverside*, 500 U.S. at 56-57.

Here, Howard was detained without a probable cause hearing for approximately twenty-nine hours. Although it was overnight, it was shorter than the 48-hour threshold and as such, Howard must provide some evidence that the delay in being released from custody was *unreasonable*. He has not. Therefore, under *Riverside* and the cases cited above, defendants are entitled to summary judgment on Howard's due process and abuse of process claims. This includes the Canton Defendants as well as John Doe 2, who is identified in the amended complaint as Altheim's partner and who should be granted summary judgment *sua sponte*. *See QSI Holdings, Inc. v. Alford*, *supra*.

C.   *Monell* Claim against Canton Township

To establish liability against Canton Township, Howard must meet the

14

*Monell* requirements for municipal liability, which require that he show Canton Township is liable for its employees' actions. *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). To establish municipal liability, Howard must show that a Canton Township policy or custom is the moving force behind a constitutional injury. *See Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996); *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

Here, as explained above, he has not suffered a constitutional injury, i.e., he has not established a false arrest, false imprisonment, due process, or abuse of process claim. Thus, Howard cannot make out a claim against Canton Township under *Monell*. Furthermore, he has not identified any policy or custom of Canton Township that caused his alleged injury. Therefore, Canton Township is entitled to summary judgment on all claims.

### D. Qualified Immunity

The Canton Defendants also argue that they are entitled to qualified immunity on Howard's claims. A state official is protected by qualified immunity unless the plaintiff shows (1) that the defendant violated a constitutional right, and (2) the right was clearly established to the extent that a reasonable person in the defendant's position would know that the conduct complained of was unlawful. *Saucier v. Katz*, 533 U.S. 194 (2001). Under *Saucier*, the inquiry was sequential, requiring the district court to first consider whether there was a constitutional

violation. However, in *Pearson v. Callahan*, 555 U.S. 223, 129 (2009), the Supreme Court held that the two-step sequential analysis set forth in *Saucier* is no longer mandatory. Rather, *Pearson* directed the order of inquiry to the judge's discretion, to be exercised on a case-by-case basis.

As discussed above, there was no constitutional violation in this case because the defendant police officers' actions were supported by probable cause. Therefore, defendants are entitled to qualified immunity. *See Higgason v. Stephens*, 288 F.3d 868, 876 (6th Cir. 2002) ("Plaintiff's case is barred by the affirmative defense of qualified immunity at the inception inasmuch as Plaintiff has failed to show a violation of a constitutionally protected right") (citing *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (*en banc*)). Furthermore, Howard has not attempted to provide case law to show that a violation of his constitutional rights, if one existed, was clearly established. Therefore, Canton Defendants are also entitled to summary judgment on the grounds of qualified immunity.

E.     Howard's Motion for Summary Judgment

Howard has also moved for summary judgment in his favor. "The moving party's initial burden [on a motion for summary judgment] differs depending on whether the non-movant or the movant bears the ultimate burden of proof on the issue on which summary judgment is sought." *Rouse v. Caruso*, No. CIV 06-

16

10961, 2007 WL 909724, at *3 (E.D. Mich. Mar. 23, 2007). "[W]here the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits evidentiary materials to establish all of the elements of the claim or defense." *Id.* (internal quotation marks and citation omitted).

To succeed on his motion for summary judgment, Howard must essentially meet the very high burden of showing that he would be entitled to a directed verdict at trial. *Id.* In other words, he must "demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *United States v. Feldman*, 439 F. Supp. 3d 946, 951 (E.D. Mich. 2020).

Howard cannot succeed in proving he is entitled to summary judgment in his favor. As explained above, all of Howard's claims fail as a matter of law. His motion should therefore be denied.

## V.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that defendants' motions for summary judgment (ECF Nos. 36, 39) be GRANTED, that summary judgment be GRANTED *SUA SPONTE* as to the John Doe defendants, and that Howard's motion for summary judgment (ECF No. 38), be DENIED. If this recommendation is adopted, the case will be closed.

Dated: October 4, 2024                     s/Kimberly G. Altman
Detroit, Michigan                          KIMBERLY G. ALTMAN
                                           United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

18

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 4, 2024.

<u>s/Kristen Castaneda</u>
Kristen Castaneda
Case Manager
