UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. HOWARD,                                    Case No. 23-12549

      Plaintiff,                               F. Kay Behm
v.                                                 United States District Judge

SEIFERT,  J., *et al.*,                            Kimberly G. Altman
                                                   United States Magistrate Judge
      Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS (ECF No. 51),
AND ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S
<u>OCTOBER 4, 2024 REPORT AND RECOMMENDATION (ECF No. 50)</u>**

## I.    PROCEDURAL HISTORY

Plaintiff Gary M. Howard, proceeding pro se, filed a complaint naming

Seifert J., Jason Singleton, Canton Police Department, Burress J., Altheim, John

Does 1-2, City of Canton (the Government Defendants), Home Depot, and Charles

Schulz (the Home Deport Defendants) as defendants.  He asserts claims under 42

U.S.C. § 1983 for false arrest, abuse of process, false imprisonment, and violation

of due process, all stemming from his arrest by Defendant police officers just

outside of the parking lot of a Home Depot.  (ECF No. 18).  The court referred this

matter to Magistrate Judge Kimberly G. Altman for all pretrial proceedings.  (ECF

No. 7).  Defendants filed motions for summary judgment (ECF Nos. 36 and 39) and

Plaintiff filed a motion to present facts (ECF No. 38).  On October 4, 2024, Judge

Altman issued a report and recommendation (R&R) in which she recommended

granting Defendants' motions for summary judgment and denying Plaintiff's

motion.  (ECF No. 50).  Plaintiff filed timely objections, to which Defendants

responded.  (ECF Nos. 51, 52, 53).

For the reasons set forth below, the court **OVERRULES** Plaintiff's objections

(ECF No. 51), **ACCEPTS** and **ADOPTS** the report and recommendation (ECF No. 50),

**GRANTS** Defendants' motions for summary judgment (ECF Nos. 36 and 39), and

**DENIES** Plaintiff's motion (ECF No. 38).

## II.    LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on

dispositive motions, and a district judge must resolve proper objections under a

de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-

(3).  This court "may accept, reject or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  *Id*.  "For an objection to be

proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to

'specify the part of the order, proposed findings, recommendations, or report to

which [the party] objects' and to 'state the basis for the objection.'"  *Pearce v.*

*Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that

dispute the general correctness of the report and recommendation are improper.
*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious."  *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits.  *See Pearce*, 893 F.3d at 346.  And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error."  *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec*., No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

## III.    FACTUAL BACKGROUND

The R&R ably provides the following summary of the pertinent facts in this case:

### A.    HOWARD GOES TO HOME DEPOT

On the morning of August 8, 2023, Gary Howard arrived at the Home Depot store located at 45900 Michigan Avenue, Canton, Michigan. He was operating his black 2006 Chevy Trailblazer.  (**Exhibit A – Howard's Deposition Testimony, p. 25**).  In the passenger seat sat Dillon McMullen ("McMullen"). Howard claims that he met McMullen for the first time that morning, and McMullen introduced himself as Steve.  *Id*. at pp. 23, 28.  Howard had agreed to give McMullen a ride as a favor for Henry Hearns ("Hearns"), Howard's friend of many years.  McMullen was to "pick up a few items" related to Hearns' recent move.  Howard consented to Hearns' request.  *Id*. at pp. 22, 29.

Howard parked his Trailblazer and McMullen entered Home Depot. Howard waited in the vehicle for him to return.  *Id*. at p. 26.  A short time later, Howard entered Home Depot.  He walked around the store and briefly spoke with McMullen before returning to the Trailblazer.  (**Exhibit B – Canton Police Department Case Report, p. 9**).  McMullen left the store pushing a flatbed cart stacked with items; he loaded the items into the trunk of Howard's Trailblazer.  *Id*.

### B.    HOWARD IS ARRESTED

At 10:53 a.m., Canton Defendants Singleton, Seifert, and Burress received a report from the Canton Police Department's dispatch center of a retail fraud in

progress at Home Depot.  *Id*. at p. 5.  While enroute to the store, they were advised that the suspect was a white male wearing a black hat, a black shirt and jeans.  The suspect had loaded stolen items into a black, older model SUV.  *Id*. at pp. 5-6.  Seifert and Burress were in the same police car; they encountered Howard's Trailblazer at the south parking lot exit at Michigan Avenue.  Siefert activated the police car's emergency lights and sirens before angling the vehicle in front of the Trailblazer, blocking its path.  *Id.* at p. 6.  Siefert exited the police car and verbally commanded Howard to turn off his vehicle; Howard complied.  He commanded McMullen to exit the Trailblazer.  McMullen stepped out of the vehicle and immediately fled.  Siefert and Burress pursued McMullen on foot, leaving Howard seated behind the wheel.  *Id*. at p. 7.

Singleton arrived at the scene where he found Howard in the driver seat of the Trailblazer.  Singleton observed items in the back seat and trunk.  Howard was removed from the Trailblazer, searched, handcuffed, and placed in the rear of Singleton's police car.  *Id*. at p. 5.  An employee from Home Depot came to the scene.  He examined the stolen items which included: an air compressor; a shower head; a toilet; two door handles/lock sets; a smart hardware alarm; a water leak alarm; and three door/window alarms.  In the aggregate the items retail value was $1,374.79.  The employee returned the items to the store.

Howard's Trailblazer was impounded and he was transported to the Canton

Township Police Department.  *Id*. at 4-5; (**Exhibit A, pp. 35-36**).

### C.   POLICE INVESTIGATION

At the Police Department Plaintiff Howard was processed and assigned a

cell where he would spend the night; he did not share the cell with other

detainees.  *Id*. at pp. 37, 41.  Howard testified that after being processed he was

summoned from his cell.  He claims to have spoken with two detectives:

Defendant Altheim and his unidentified partner, Defendant John Doe.  The

detectives are alleged to have repeatedly asked Howard questions about

McMullen, showing him several photographs of the escaped suspect.  Howard

testified that the detectives became angry when he was unable to offer them any

information other than the name *Steve*.  He was returned to his cell where he was

held overnight.  *Id*. at pp. 37-39.  Howard was fed and provided with his

prescription blood pressure medication.  *Id*. at pp. 41-42.

On the morning of August 8, 2023, Detective Jennifer Giannola ("Giannola")

took Howard from his cell to an interview room.  (**Exhibit B, p. 9**).  Howard read,

understood, and signed a form entitled Constitutional Rights Certification of

Notification.  The form set forth Howard's Miranda rights, which he knowingly

and voluntarily waived.  (**Exhibit C – Constitutional Rights Form; Exhibit A, pp. 54-**

**55**).  Howard explained the circumstances, described above, which led him to be at Home Depot with McMullen.  He denied any knowledge that McMullen intended to steal or that McMullen had stolen.  (Exhibit A, pp. 39-40; Exhibit B, pp. 9-10).

Following her interrogation of Howard, Giannola presented the available evidence to Wayne County Assistant Prosecuting Attorney Louisa Papalas. The prosecutor issued a warrant against McMullen and declined to issue a warrant against Howard.  (**Exhibit B, p. 10; Exhibit D – Denied Warrant Form**).  Howard was released from the custody of the Canton Township Police Department on August 9, 2023, at 4:42 p.m.  (**Exhibit E – Prisoner Release Form; Exhibit A, p. 40**).

## IV.    ANALYSIS

Plaintiff lodges six objections to the R&R.  The Government Defendants argue that Plaintiff's lawsuit is entirely frivolous and his objections should be rejected.  (ECF No. 52).  Further, the Home Depot Defendants contend that none of the objections pertain the parts of the R&R that recommend dismissing Plaintiff's claims against them.  (ECF No. 53).  The court agrees that Plaintiff has lodged no objections to the R&R as it relates to the Home Depot Defendants and thus, the court will accept and adopt the Magistrate Judge's recommendations to dismiss the claims against these Defendants.

As to the Government Defendants, the court will address each objection in turn.  First, Plaintiff says that:

> 1. (objection #1) paragraph 1, pg. 8.  There is no way th[at] Office Singleton could have been advised that Howard vehicle matched the description of the suspect's vehicle containing the stolen items, because the other two officers were giving chase to a [sic] alleged suspect, so how could they gave [sic] Officer Singleton a description when he arrived.

(ECF No. 51, PageID.530).  Plaintiff refers to the R&R, which in turn, refers to the police report.  In that report, Officer Singleton states that "While enroute, CPD communications advised that the male had exited the store and was walking to a Black older model GMC or Chevy where the male began to load the stolen items into the vehicle."  (ECF No. 36-3, PageID.377).  Plaintiff's objection does not contradict the factual statement made in the police report that he received a description while enroute and thus, does not undermine the factual basis for the Magistrate Judge's recommendation.  This objection is, therefore, overruled.

Objections two through five are all variations on the same theme.  Plaintiff claims that Officer Singleton had no probable cause to arrest him until the Home Deport employee confirmed that that the goods in his car were the items stolen. According to Plaintiff, his arrest occurred prior to the Home Depot employee

making this confirmation and thus, he was arrested without probable cause.

Plaintiff's objections two through five read as follows:

> 2. (objection 2) Paragraph 1 pg 8.  Without proper investigation how could Officer Singleton state that Plaintiff Howard vehicle had containing [sic] stolen goods, when in fact, no inventory description was giving [sic] of the alledge [sic] items until they were removed and identified by they [sic] employee from Home Depot as the alledged [sic] items.

(ECF No. 51, PageID.553).

> 3. (objections 3) Paragraph 1 pg 8.  Officer Singleton upon arriving at the scene of the incident and place [sic] Plaintiff under arrest in cuffs and put him inside the police car, and it wasn't until ten minutes later when the home depot employee came out with a cart and identified the items as stolen that the officer then had confirmation that those was [sic] the items, and that's when he (the officer) may have had a probable cause action, but before he was aware of that Officer Singleton should of [sic] continued an investigation to obtain probable cause.  Officer Singleton can not arrest somebody then later obtain probable cause must have it before the arrest.

(ECF No. 51, PageID.533, emphasis in original).

> 4. (objection 4) pg 1 paragraph 8.  They state the law says that (probable cause determinations involve an examination of "ALL THE FACTS and circumstances within an officer's knowledge at the time of an arrest." This creates a problem for Officer Singleton [sic] probable cause to arrest because Office Singleton arrested Plaintiff, handcuffed and placed Plaintiff in the police car before the Home Depot employee came to

> the scene and confirmed the items in the vehicle were
> indeed stolen.  (see pg 8 paragraph 1) Officer Singleton
> at most had a cause to temporary [sic] detain Plaintiff,
> but probable cause was not obtained until the Home
> Deport employee came to the scene and confirmed that
> those were the alleged [sic] stolen items in Plaintiff
> truck.

(ECF No. 51, PageID.531).

> 5.  (objection 5) On page 9 paragraph 2 It's stated that
> law enforcement is under no obligation to give any
> credence to a suspects' story or alibi nor should a
> plausible explanation in any sense requires to forego
> arrest pending further investigation if the facts as
> initially discovered provide probable cause, but that's
> just it the officer <u>never</u> had any facts to establish
> probable cause until the Home Depot employee came to
> the scene to confirm that the items in Plaintiff [sic]
> vehicle was in fact item that was alledgely [sic] stollen
> from Home Depot.

(ECF No. 51, PageID.532, emphasis in original).

Plaintiff's objections refer to the R&R, which in turn, recounts the facts as

set forth in the police report.  Plaintiff offers no facts or evidence to undermine

Officer's Singleton's account of events and thus, there is no basis to conclude that

the Magistrate Judge improperly relied on the facts as recounted in the police

report.  As recounted in the police report, Singleton "observed the stolen items

from the back seat to the truck" and only then was Plaintiff removed from the

vehicle and handcuffed.  (ECF No. 36-3, PageID.377).  This suggests that Singleton

had identified the items in the vehicle as the stolen goods *before* arresting

Plaintiff.  Plaintiff's argument also ignores the probable cause that existed before

the Home Depot employee identified the goods in his vehicle as the stolen goods;

the suspect who matched the description of the person who stole the goods was

in Plaintiff's vehicle and Plaintiff's vehicle matched the description of the vehicle

into which the stolen goods were loaded.  The officers had probable cause to

believe that the property in the vehicle was stolen even before it was identified

by the Home Depot employee.  Where Plaintiff was driving a vehicle identified as

having been loaded with stolen goods, the officers had probable cause to arrest

him.  *See United States v. Durham*, 2022 WL 1785294, at *3 (W.D. Ky. June 1,

2022) (knowledge of the defendant's possession of the stolen vehicle alone

supported the Magistrate Judge's conclusion that the officers had probable cause

to arrest the defendant); *United States v. Todd*, 431 F. App'x 412, 415 (6th Cir.

2011) (probable cause to arrest a suspect for trafficking in stolen goods after he

was observed walking on a remote gravel road between his car and a vehicle

loaded with stolen goods).  Moreover, Plaintiff did not argue this point in

response to the Government Defendants' motion for summary judgment and

thus, has waived this argument.  *See, e.g.*, *Murr v. United States*, 200 F.3d 895,

902 n.1 (6th Cir. 2000) (explaining that "[t]he Magistrate Judge Act ... does not

allow parties to raise at the district court stage new arguments or issues that were
not presented to the magistrate" absent "compelling reasons," and holding that
party had "waive[d]" claim not presented to Magistrate Judge); *Bauman v. City of
Cleveland*, 2015 WL 893285, at *8 (N.D. Ohio Mar. 3, 2015) ("[T]he Magistrates
Act was not intended to give litigants an opportunity to run one version of their
case past the magistrate, then another past the district court.'" (internal
quotation marks and citations omitted)) (ECF No. 41, Plaintiff's Response to the
Government Defendants' Motion for Summary Judgment).  Instead, he only
argued that at no time did Defendants have probable cause to arrest him and the
failure to bring charges against him demonstrated that there was never any
probable cause.  *Id*.  For these reasons, objections two through five are overruled.

Lastly, Plaintiff lodges a sixth objection:

> 6. (objections 6) pg 13 it's stated that a probable cause
> determination must be done within 48 hours which is
> incorrect.  []Plaintiff quote from Michigan Justice,
> arraignments must take place "without unnecessary
> delay.["]  MCR 6.104.

(ECF No. 51, PageID.534).  The magistrate judge correctly cited the following
constitutional standard applicable to Plaintiff's constitutional claims:

> The Supreme Court has provided that "a jurisdiction that
> provides judicial  determinations of probable cause
> within 48 hours of arrest will, as a general matter,
> comply with the promptness requirement" of the

12

Constitution.  *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). That said, "a probable cause hearing held within 48 hours may still be constitutionally deficient if unreasonably delayed[,]" *Benson v. Kubrak*, No. 23-10284, 2024 WL 4354849, at *3 (E.D. Mich. Sept. 30, 2024) (citing *Riverside*, 500 U.S. at 56), and "[i]f an arrestee must wait longer than 48 hours, the government has the burden of justifying the delay by showing 'the existence of a bona fide emergency or other extraordinary circumstance.'" *Id*. (quoting *Riverside*, 500 U.S. at 57).  Essentially, someone detained for less than 48 hours must show a "delay[] for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake[,]" whereas if someone is detained longer than 48 hours, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance."  *Riverside*, 500 U.S. at 56-57.

(ECF No. 50, PageID.523-24).  As observed by the Magistrate Judge, Plaintiff was detained without a probable cause hearing for approximately twenty-nine hours.  *Id*. at PageID.524.  Judge Altman further noted that although it was an oversight, it was shorter than the 48-hour threshold and as such, Plaintiff was required, and here he failed, to provide some evidence that the delay in being released from custody was unreasonable.  *Id*.  Plaintiff's bare citation to the Michigan Court Rule and suggestion that Defendants violated this state court rule does not undermine the correctness of the constitutional analysis posited by Judge Altman in the R&R or the lack of evidence suggesting that Plaintiff's detention was unreasonable.

*See Huron Valley Hosp., Inc. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989)

(Section 1983 authorizes the courts to redress violations of "rights, privileges, or

immunities secured by the Constitution and [federal] laws" and is thus limited to

deprivations of federal statutory and constitutional rights; it does not cover

official conduct that allegedly violates state law.).  For these reasons, this

objection is overruled.

## V.    CONCLUSION

For the reasons set forth above, the court **OVERRULES** Plaintiff's objections

(ECF No. 51), **ACCEPTS** and **ADOPTS** the report and recommendation (ECF No. 50),

**GRANTS** Defendants' motions for summary judgment (ECF Nos. 36 and 39), and

**DENIES** Plaintiff's motion (ECF No. 38).  This is a final order and closes the case.

**SO ORDERED**.

Date: December 6, 2024                     s/F. Kay Behm
                                           F. Kay Behm
                                           United States District Judge

14